**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| CHET LEE WEST, : | |
| : | Civil Action No. 16-5103(RMB) |
| Plaintiff, : | |
| : | |
| v. : | **MEMORANDUM AND ORDER** |
| : | |
| UNITED STATES OF AMERICA, : | |
| JACOB LEW, U.S. SECRETARY OF : | |
| TREASURY, and LORETTA LYNCH, : | |
| U.S. ATTORNEY GENERAL, : | |
| : | |
| Defendants. : | |

This matter comes before the Court upon Plaintiff's submission of a civil action under the Administrative Procedure Act. (Compl., ECF No. 1). Plaintiff is a federal inmate confined at the Federal Correctional Institution in Fort Dix, New Jersey, imprisoned upon a jury verdict for tax evasion in the U.S. District Court for the District of Nebraska. Judgment, U.S. v. West, 8:13CR273 (D. Neb. August 26, 2015). The complaint is unaccompanied by the $400 filing fee for a civil action or a properly completed application to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). This Court's Local Civil Rule 5.1(f) provides:

> Any papers received by the Clerk without payment of such fees as may be fixed by statute or by the Judicial Conference of the United States for the filing thereof shall be marked "received" and the date and time of receipt shall be noted thereon.

This action will be administratively terminated for failure to pay the filing fee or submit a properly completed IFP application pursuant to 28 U.S.C. § 1915(a). Under the Prison Litigation Reform Act, a prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. Id.

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. If IFP status is denied, the prisoner must pay the full $400 before the complaint will be filed.

If the prisoner is granted IFP status, the prisoner must pay the $350 filing fee as follows. In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff will be allowed to reopen this action by paying the filing fee or submitting a properly completed IFP application. However, Plaintiff should be aware of the "screening" provision under the Prisoner Litigation Reform Act ("PLRA").

I. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(b) and § 1915A

Plaintiff may not have known when he submitted his complaint that even if IFP status is granted, he must pay the filing fee in installments, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).[1]  If the

---

[1] This Court's conclusive screening of Plaintiff's claims is reserved until he pays the filing fee or properly obtains in

3

Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

    A.   <u>The Complaint</u>

Plaintiff asserts jurisdiction under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, 552(a)(4). (Compl. ECF No. 1 at 1.) Plaintiff claims he is entitled to judicial review under 5 U.S.C. § 702[2] because he suffered a legal wrong from agency action. (<u>Id.</u>) Plaintiff describes the "legal wrong" as follows. The agency [IRS] contacted him and threatened to deprive him of his liberty and property due to an alleged violation of a "statute" that the agency claimed applied to him. (<u>Id.</u>) Plaintiff petitioned the Secretary of Treasury, requesting a due process hearing and a declaratory order signed by the head of

---

<u>forma pauperis status</u>. <u>See</u> <u>Izquierdo v. New Jersey</u>, 532 F. App'x 71 (3d Cir. July 25, 2013)(district court may decide whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2) after leave to proceed IFP is granted).

[2] 5 U.S.C. § 702 provides, in relevant part:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

the agency. (Id.) Plaintiff argues that if a hearing and declaratory order are demanded by an accused party, the agency must grant it. (Id.) When Plaintiff requested a hearing, he demanded the following:

> Pursuant to the Administrative Procedures Act, this document comprises my formal Petition for a Declaratory Order to a Foreign State, to which the Unites States Treasury is subject. If the Treasury expects to collect taxes from me through its Debt Collection Agency known as the Internal Revenue Service, I demand an adjudicative hearing and Declaratory Order stating that I am, unequivocally, the "person" named in the statutes which the Treasury is seeking to impose on me, and in order to validate such a declaration, the Secretary of the Treasury must also rebut all the allegations listed below.

(Compl., Exhibits, ECF No. 1-3 at 26.)

Some of the allegations that Plaintiff insisted the Secretary must rebut included: (1) that that term "person" as defined in 26 U.S.C. § 7701, [and thus subject to federal income tax] "is an artificial entity such as a trust, estate, partnership, association, company or corporation;" and (2) "the term "individual" is not anywhere defined in Title 26 to be a living, sentient being, i.e., the sovereign people who created the government, and to whom the government is liable." (Id. at 27.)

Plaintiff cited 26 U.S.C. § 3660(b)(1) as authority for making this demand on the Secretary. (Compl., ECF No. 1 at 3.)

5

Plaintiff asserts the agency acted without authority in prosecuting him for tax evasion in a district court without first responding to his request for a hearing and declaratory order. Therefore, Plaintiff asserts his conviction and sentence are unlawful.

B.  Analysis

In United States v. Sloan, 85 F.App'x 784, 785 (2nd Cir. 2004) a pro se litigant filed a civil action seeking to vacate his conviction for tax evasion because no one could show him, to his satisfaction, that that the revenue laws of the United States applied to him. This is similar to the argument Plaintiff presented to the Secretary of Treasury in his demand for a hearing and declaratory order. As found by the Seventh Circuit, this argument is frivolous. Sloan, 85 F. App'x at 786 (finding no merit to claim that Congress did not have authority to impose federal income tax on individual); see also Lonsdale v. U.S., 919 F.2d 1440, 1447-48 (10th Cir. 1990)(listing frivolous "tax protestor" arguments).

Plaintiff contends the Secretary of the Treasury was required to provide him with a hearing pursuant to 26 U.S.C. § 6330(b)(1). The Internal Revenue Code provides:

> [n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made . . .

6

>      Such notice shall be required only once for
> the taxable period to which the unpaid tax
> specified in paragraph (3)(A) relates.

26 U.S.C. § 3660(a)(1).

Plaintiff ignores the following subsection of this provision:

> (g) Frivolous requests for hearing, etc.--
> Notwithstanding any other provision of this
> section, if the Secretary determines that
> any portion of a request for a hearing under
> this section or section 6320 meets the
> requirement of clause (i) or (ii) of section
> 6702(b)(2)(A), then the Secretary may treat
> such portion as if it were never submitted
> and such portion shall not be subject to any
> further administrative or judicial review.

Under 26 U.S.C. § 6702(b)(2)(A) and (c), the Secretary shall prescribe a list of positions which the Secretary has identified as being frivolous for the purposes of this Subsection. The Secretary's list includes the frivolous argument that someone is "not a Person or Individual." <u>See</u> Internal Revenue Manual § 25.25.10.2.[3] Therefore, the Secretary was free to ignore Plaintiff's request for a hearing.

II.  CONCLUSION

It is improbable that Plaintiff can cure the deficiency in his claims by filing an amended complaint because he is seeking invalidation of his federal conviction and sentence, and release from prison. A federal prisoner may challenge the legality of

---

[3] Available at: https://www.irs.gov/irm/part25/irm_25-025-010r.html#d0e134

his conviction or sentence, once the conviction is final, only through a motion filed pursuant to 28 U.S.C. § 2255. Therefore, rather than seeking to reopen this matter, Plaintiff may wish to challenge his conviction by bringing a § 2255 motion before the sentencing court. See Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002).

IT IS THEREFORE on this **23rd** day of **September 2016,**

**ORDERED** that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, NJ 08101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include a properly completed form "Affidavit of Poverty and Account Certification (CIVIL RIGHTS)", and an amended complaint, if Plaintiff can cure the deficiencies in the present complaint; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order and the accompanying Opinion upon Plaintiff by regular U.S. mail, and enclose a blank form "Affidavit of Poverty and Account Certification (CIVIL RIGHTS)," DNJ-Pro Se-

8

007-A-(Rev.05/2013), which Plaintiff may use if he chooses to reopen this matter.

>s/RENÉE MARIE BUMB
>**RENÉE MARIE BUMB**
>**United States District Judge**